## SMITH v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

EXPERT EVIDENCE.
Upon a matter of science and skill, which exist in reasons, rather than in descriptive facts, and which, therefore, cannot be communicated to others not familiar with the subject, so as to possess them with a full understanding of the facts, the opinion of an expert witness is admissible.

Appeal from trial term, Queens county.

Action by Walter R. Smith against the city of Brooklyn.     From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.     Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Almet F. Jenks, for appellant.
George Wallace, for respondent.

GOODRICH, P. J.    This case was before this court on appeal from a judgment dismissing the complaint, and is reported in 18 App. Div. 340, 46 N. Y. Supp. 141.    The unanimous opinion of the court, Mr. Justice Hatch writing, established the liability of the city for any damages sustained by the plaintiff as owner of a certain pond at Freeport, L. I., which he claimed was destroyed by the operation of the defendant's conduits and waterworks.    The facts are fully stated in that opinion, and it is unnecessary to repeat them here.

The only question to be considered is the admission, over the defendant's exception, of an answer to a question addressed to Mr. Smith, a civil engineer and surveyor, whose qualification as an expert clearly appears from the record.    Evidence had been introduced tending to show the existence of facts which were embodied in a hypothetical question, and the witness was asked:   "Where, in your opinion, does it come from?"—referring to the water which was drawn

into the pipes and wells of the defendant. The question was a proper one, under a long series of decisions, as it called for evidence on a matter of science and skill, which exist in reasons rather than in descriptive facts, and which, therefore, cannot be communicated to others not familiar with the subject, so as to possess them with a full understanding of the facts. Such was the decision of the court of appeals in Van Wycklen v. City of Brooklyn, 118 N. Y. 424, 24 N. E. 179, a case over and over again cited and approved in subsequent decisions. In addition to this, it may be said that the answer, which was, "The water came from the surrounding soil into the box," is so absolutely and completely evident, on the facts shown in the record, that it was innocuous. No injury could possibly have resulted to the defendant from its admission, even if the question had been improper. The answer did not connect the pond of the defendant, which was nearly half a mile distant, with the immediate percolation into the works of the defendant, and the answer only stated a manifest fact. The judgment must be affirmed.

Judgment and order affirmed, with costs. All concur.

---

### ANDERSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

DAMAGES—PERSONAL INJURIES—EVIDENCE.

    In an action to recover damages for injuries sustained by the plaintiff while a passenger upon one of the defendant's cars, two physicians, who had not made an examination of her until 18 months after the accident, testified that she was suffering from a diseased condition which, while it might result from the accident, was not uncommon, and might have proceeded from many natural causes. The testimony of another physician was unsatisfactory in character. *Held*, that the evidence was not sufficient to warrant a finding that the disease was attributable to injuries received in the accident.